IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELANIE CALDER, as
ADMINISTRATRIX OF
THE ESTATE OF
GORDON CALDER, AND
REBEKKAH CALDER                                                                PLAINTIFFS

V.                               NO. 4:17-cv-631-KGB

ROGERS GROUP, INC.                                                              DEFENDANT

## ANSWER

Comes defendant, Rogers Group, Inc., and for its answer to the Complaint states:

### I. RESIDENCY AND PARTIES

1.

On information and belief, it admits the allegations of paragraph 1 of the Complaint.

2.

On information and belief, it admits the allegations of paragraph 2 of the Complaint.

3.

It denies the allegations of paragraph 3 of the Complaint.

4.

It admits the allegations of paragraph 4 of the Complaint.

5.

It admits the allegations of paragraph 5 of the Complaint.

## II. JURISDICTION AND VENUE

6.

It admits the allegations of paragraph 6 of the Complaint, except to the extent that federal courts have removal jurisdiction for actions between citizens of different states.

7.

It admits the allegations of paragraph 7 of the Complaint, except to the extent that venue lies in federal courts with removal jurisdiction.

## III. BASIC PREMISE

8.

It admits the allegations of paragraph 8 of the Complaint.

## VI. FACTS

9.

It admits the allegations of paragraph 9 of the Complaint.

10.

It admits the allegations of paragraph 10 of the Complaint.

11.

It admits the allegations of paragraph 11 of the Complaint.

12.

It admits the allegations of paragraph 12 of the Complaint.

13.

It admits the allegations of paragraph 13 of the Complaint.

14.

It denies the allegations of paragraph 14 of the Complaint.

15.

It admits the allegations of paragraph 15 of the Complaint.

16.

It admits the allegations of paragraph 16 of the Complaint.

17.

It denies the allegations of paragraph 17 of the Complaint.

18.

On information and belief it admits the allegations of paragraph 18 of the Complaint.

19.

It admits the allegations of paragraph 19 of the Complaint.

20.

It denies the allegations of paragraph 20 of the Complaint.

21.

It denies defendant had the duty to properly design the project. It admits the remaining allegations of paragraph 21 of the Complaint.

22.

It denies the allegations of paragraph 22 of the Complaint.

23.

It admits the allegations of paragraph 23 of the Complaint that plaintiffs sustained

injuries, but denies this defendant owes plaintiff damages under Arkansas law.

## V. CAUSES OF ACTION - NEGLIGENCE

24.

It denies the allegations of paragraph 24 of the Complaint.

25.

It denies the allegations of paragraph 25 of the Complaint.

## VI. PROXIMATE CAUSATION

26.

In response to paragraph 26 of the Complaint, it restates and incorporates by reference all relevant matters previously asserted in this Answer.

27.

It denies the allegations of paragraph 27 of the Complaint.

## VII. INJURIES AND COMPENSATORY DAMAGES

28.

In response to the allegations of paragraph 28 of the Complaint, it restates and incorporates all relevant matters previously asserted in this Answer.

29.

It admits the allegations of paragraph 29 of the Complaint.

30.

It admits the allegations of paragraph 30 of the Complaint.

31.

It denies the allegations of paragraph 31 of the Complaint.

32.

It denies the allegations of paragraph 32 of the Complaint.

## VIII. DEMAND FOR JURY TRIAL

33.

It joins in plaintiffs' demand for a jury trial.

34.

It denies the allegations of paragraph 34 of the Complaint.

35.

It denies the allegations of paragraph 35 of the Complaint.

## XI. AFFIRMATIVE DEFENSES

36.

The accident described in the Complaint occurred solely because of negligent acts or omissions of Gordon Calder, including failure to properly heed a "*Bump*" sign which was in place at the time of the accident, failure to keep a proper lookout, and driving at a speed too fast for conditions. Plaintiffs' claims against Rogers Group are wholly barred by the negligence or fault of Gordon Calder.

37.

Rogers Group demands apportionment of the relative degrees of fault of plaintiffs' decedent Gordon Calder and all persons, parties, and non-parties under the Arkansas comparative fault statutes, including *Ark. Code Ann.* § 16-64-122, the *Civil Justice Reform Act* of 2003 as codified at *Ark. Code Ann.* §§ 16-61-201, *et seq*, and demands allocation of fault for contribution or indemnity, as may be appropriate, against all appropriate persons, parties and non-parties in accordance with the *Arkansas Contribution Among Joint*

*Tortfeasors Act,* as codified at *Ark. Code Ann.* §§ 16-61-201, *et seq.,* and the *Civil Justice Reform Act* of 2003, as codified at *Ark. Code Ann.* §§ 16-55-201, *et seq.*

38.

The pavement defect described in the Complaint was not created by Rogers Group, occurred after the work under Contract 08049 was complete, and was not the subject of any terms of Contract 08049. Rogers Group performed its work in accordance with the terms of Contract 08049. By its performance, Rogers Group acquired the sovereign immunity from suit of the Arkansas State Highway Commission and the Arkansas Department of Transportation, formerly known as the Arkansas State Highway and Transportation Department, that the Highway Commission and Transportation Department have by virtue of Article V, Section 20 of the *Constitution* of the *State of Arkansas.*

39.

The *Change Order* referenced in paragraphs 16 and 17 of the Complaint was the predicate for a *Supplemental Agreement* by the Arkansas Highway and Transportation Department. As defined by the Department's Specifications, the *Supplemental Agreement* was for work beyond the scope of Contract 08049.

40.

Well before the accident described in the Complaint, the Arkansas State Highway and Transportation Department, now known as the Arkansas Department of Transportation, or others unknown to Rogers Group, Inc., detected, repaired or attempted to repair the pavement defect. Well before the accident, the Arkansas State Highway and Transportation Department, or others unknown to Rogers Group, Inc., installed a "*Bump*"

sign warning of the defect.

<p style="text-align:center">41.</p>

The "*Bump*" sign, and other standard highway markings and signage in place, gave proper warning to motorists of the pavement defect and the general road condition. Rogers Group, Inc., denies anyone other than Gordon Calder is responsible for the injuries alleged by plaintiffs. However, if it be determined that the repairs, signage and other warnings were in any way inadequate, fault or liability for contribution should be attributed to the Arkansas Department of Transportation, formerly known as the Arkansas State Highway and Transportation Department or others unknown to Rogers Group. The addresses for the Arkansas Department of Transportation are P.O. Box 2261, Little Rock, Arkansas 72203, and 10324 Interstate 30, Little Rock, Arkansas 72209.

WHEREFORE, Rogers Group, Inc., prays the Complaint of Plaintiffs be dismissed and for all other just and proper relief.

/s/GENE WILLIAMS
BAR NO. 85170

**SMITH, WILLIAMS, & MEEKS  L.L.P.**
Attorneys at Law
Arvest Bank Building
500 Broadway Place, Suite 404
Little Rock, Arkansas  72201
(501) 372-0401

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing answer to Complaint has been mailed to Mr. Matthew Hutsell, Rainwater Holt & Sexton, P.A., P.O. Box 17250, Little Rock, AR 72222, this 29th day of September, 2017.

/s/GENE WILLIAMS